UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HENRY LOSCH
a/k/a John Losch,

    Plaintiff,

v.                          Case No: 2:18-cv-809-FtM-99MRM

NATIONSTAR MORTGAGE LLC,
d/b/a Mr. Cooper, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motions to Dismiss (Docs. ##30, 31), plaintiff's Responses in Opposition (Docs. ##35, 39) and Experian's Reply (Doc. #46). Nationstar also filed a Motion to Strike Plaintiff's Jury Trial Demand (Doc. #32) and plaintiff filed a Response in Opposition (Doc. #38). For the reasons set forth below, the Complaint (Doc. #12) is dismissed as a shotgun pleading with leave to amend.

**I.**

On December 13, 2018, plaintiff Henry Losch filed a four-count Complaint (Doc. #12) against defendants, alleging violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Florida Consumer Collection Practices Act. The claims are based on mortgage statements and delinquency letters

that defendants sent plaintiff throughout March 2018 to the present. Plaintiff alleges the mortgage statements were sent for the improper purpose of collecting on a mortgage debt for which his personal liability had been discharged in bankruptcy.

**II.**

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Weiland v. Palm Beach Cnty. Sheriff's Ofc.</u>, 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings).[1] Courts in

---

[1] The four "rough" types or categories of shotgun pleadings identified by the Eleventh Circuit in <u>Weiland</u> are:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

the Eleventh Circuit have little tolerance for shotgun pleadings. See generally Jackson v. Bank of America, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (detailing the unacceptable consequences of shotgun pleading). A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. Weiland, 792 F.3d at 1320. In a case where a defendant files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997)).

### III.

Here, Count II alleges violations of the Fair Credit Reporting Act (FCRA) against Experian and adopts the allegations of all preceding paragraphs, causing Count II to carry the allegations under Count I for violations of the FCRA alleged against Nationstar, as well as the "Factual Allegations" section. (Doc. #12, ¶ 77.) This violates Fed. R. Civ. Proc. 8(a). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a

---

Weiland, 792 F.3d at 1322-23.

situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Doing so makes it nearly impossible for defendants and the Court to determine which factual allegations give rise to which claims for relief. This is especially so in this case because Count II incorporates the FCRA allegations brought against Nationstar under Count I, even though the defendants are alleged to have violated different provisions of the FCRA.

"In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson, 2018 WL 3673002, *6 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). However, if the Amended Complaint is a shotgun pleading, the Court has authority to dismiss it *on that basis alone*. See, e.g., Weiland, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

The Court will therefore dismiss the Complaint with leave to amend. The Court will otherwise deny the Motions, with leave to

refile similar motions, if appropriate, after an Amended Complaint is filed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Complaint (Doc. #12) is dismissed without prejudice to filing an Amended Complaint within **fourteen (14) days** of this Opinion and Order. **The failure to file an Amended Complaint will result in the closure of the case without further notice.**

2. Defendants' Motions to Dismiss (Docs. ##30, 31) and Defendant Nationstar's Motion to Strike Plaintiff's Jury Trial Demand (Doc. #32) are **denied without prejudice**.

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record