```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

HENRY LOSCH
a/k/a John Losch,

    Plaintiff,

v.                                Case No: 2:18-cv-809-FtM-99MRM

NATIONSTAR MORTGAGE LLC and
EXPERIAN      INFORMATION
SOLUTIONS, INC.,

    Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on Defendant Nationstar Mortgage LLC's Motion to Strike Jury Trial Demand from Second Amended Complaint (Doc. #62) and Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (Doc. #63) filed on June 20, 2019.  Plaintiff filed Responses in Opposition (Docs. ##64, 65) on July 2, 2019.  For the reasons set forth below, the Motion to Strike is granted and the Motion to Dismiss is denied.

**I.**

Plaintiff Henry Losch is currently proceeding on a four-count Second Amended Complaint (Doc. #60) against defendants, alleging violations of the Fair Credit Reporting Act (FCRA) against Experian Information Solutions, Inc. (Experian), and violations of the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA) against Nationstar Mortgage LLC

(Nationstar).[1]  The claims are based on mortgage statements and delinquency letters that Nationstar sent plaintiff throughout March 2018 to the present, as well as false credit reporting by Experian.  Plaintiff alleges the mortgage statements were sent for the improper purpose of collecting on a mortgage debt for which his personal liability had been discharged in bankruptcy.  Defendant Nationstar, the servicer for plaintiff's mortgage loan, moves to strike the jury trial demand, arguing that plaintiff waived his right to a jury trial for all claims in any way related to the note and mortgage.  Defendant Experian moves to dismiss the FCRA count for failure to state a claim.

## II. Jury Trial Waiver

In both the initial and Amended Complaints, plaintiff included a demand for jury trial on "all issues so triable." (Docs. #12, ¶ 106; Doc. #50, p. 17.)  Nationstar moves to strike the jury demand on the basis that plaintiff waived his right to a jury trial pursuant to jury-waiver provisions contained in his mortgage contract.  Plaintiff opposes the Motion, arguing that the waiver provisions do not survive because the mortgage was discharged through bankruptcy and became unenforceable as a result of the discharge.  However, while a bankruptcy discharge extinguishes the personal liability of the debtor, it does not

---

[1] The Court previously dismissed the first two Complaints as shotgun pleadings with leave to amend.  (Docs. ##49, 59.)

extinguish a creditor's right to foreclose on a valid mortgage on the debtor's property as a mortgage is an interest in real property that secures a creditor's right to repayment. 11 U.S.C. § 524(a)(1); Johnson v. Home State Bank, 501 U.S. 78, 83 (1991). A creditor's right to foreclose on a mortgage therefore survives and passes through a bankruptcy. Id. at 83. Therefore, the Court is not persuaded by plaintiff's argument that the mortgage and all of its provisions have been wholly "extinguished" by the bankruptcy discharge such that the jury trial wavier is now unenforceable. The parties may dispute whether plaintiff may be liable for the mortgage debt (see Doc. #60, ¶ 48), but the Court cannot say that the mortgage agreement and the jury waiver provision are unenforceable following plaintiff's bankruptcy.

While a party asserting a claim for a violation of the FDCPA has a right to a trial by jury, see Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982), the party may waive its right to a jury trial so long as the waiver is knowing and voluntary, see Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 F. App'x 820, 823 (11th Cir. 2006) (citations omitted). In determining whether a party has knowingly and voluntarily waived its right to a jury trial, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the

waiver, and whether the terms of the contract were negotiable."
Id. at 824 (citations omitted).

Here, there is no information provided from either party that would call into question that the waiver was not knowingly and voluntarily given. The waiver provision is a stand-alone paragraph, the last numbered paragraph, and states clearly that a jury trial is waived.

Finally, Nationstar argues that plaintiff's claims are within the scope of the jury trial waiver, while plaintiff believes that Nationstar's collection efforts were not sufficiently related to the mortgage to fall within the scope of the waiver provision. The mortgage includes the following jury trial waiver on page 14, just above the plaintiff's initials:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Doc. #62-1.) The Court agrees with numerous other courts in similar cases (with identical or similar waiver language to what we have here) who found that consumer protection claims sufficiently relate to a mortgage contract to be within the scope of a jury trial waiver.[2]  See Barnes v. U.S. Bank National Assoc.,

---

[2] Plaintiff argues that these cases are inapposite because none of the cases dealt with discharged mortgages. However, as previously discussed, the Court cannot say whether the mortgage was wholly extinguished in this case by the bankruptcy.

156 F. Supp. 3d 1359, 1360-61 (N.D. Fla. 2016) (collecting cases). In those cases, courts found important that the dispute giving rise to plaintiff's claims exist because of a direct relationship with the mortgage and actions the mortgage holder took to collect on a debt in default. As these courts did, the Court finds that the jury trial waiver provision at issue here is broad enough to reach claims arising from defendant's collection efforts.

Therefore, the Motion to Strike the jury demand is granted at this juncture and this case will be set for a bench trial.

### III. Motion to Dismiss FCRA Claim (Count II)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth", Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

According to the Second Amended Complaint (Doc. #60, ¶ 16), on May 5, 2017, during the pendency of Losch's bankruptcy, he signed a reaffirmation agreement [3] ("Reaffimation") with

---

[3] A reaffirmation agreement enables the debtor to continue servicing the debt because they wish to retain possession of the property, which is encumbered by a lien. See 11 U.S.C. § 524(c).

CitiMortgage[4] for the mortgage on his property. On or about April 5, 2018, a Notice of Rescission was filed with the bankruptcy court, stating that the Reaffirmation previously signed by Losch was rescinded. (Id., ¶ 32.)

On or about May 25, 2018, plaintiff pulled his credit reports and found that Experian (a consumer credit reporting agency) was still reporting a balance for the Nationstar debt in the amount of $139,853, a past due balance of $10,006, and 180 days past due for February and March 2018. (Id., ¶ 33.) On or about June 15, 2018, plaintiff mailed Experian a dispute stating that the Nationstar account was discharged in his Chapter 7 bankruptcy case. (Id., ¶ 34.) "Upon information and belief," on or about June 18, 2018, Experian received the dispute letter from Losch and forwarded the dispute to Nationstar. (Id., ¶ 35.) On or about July 12, 2018, plaintiff received the dispute results from Experian, which reflect that Experian and Nationstar did not correct the account. Instead, the past due balance increased, and it was reporting an additional 180 days late for May 2019 and June 2018. (Id., ¶¶ 36-37.)

Plaintiff alleges that Experian violated § 1681e(b), the FCRA's requirement that Experian maintain reasonable procedures to assure accuracy of consumer reports, and § 1681i., the Act's

---

[4] CitiMortgage held plaintiff's mortgage before Nationstar.

requirement that Experian conduct reasonable reinvestigation to determine whether the disputed information was inaccurate, provide Nationstar with all relevant information, and promptly delete inaccurate information from plaintiff's credit file and correct the inaccurate information. (Doc. #60, ¶¶ 96-103.) Due to the inaccurate reporting on his credit, plaintiff alleges that his credit is damaged beyond the bankruptcy and made it difficult to be approved for any credit. (Id., ¶ 38.)

Experian argues that plaintiff's FCRA claim fails because plaintiff does not allege that Experian reported any factually incorrect information, but instead plaintiff seeks to impose liability on Experian for failing to solve the riddle posed by the complicated legal proceedings in plaintiff's bankruptcy. In sum, Experian argues that plaintiff cannot state a claim because the mortgage was not discharged, and therefore Experian was entitled to engage in post-bankruptcy credit reporting of the mortgage.

Plaintiff responds that Experian's Motion is premature because it requires the Court to find that the credit information was accurate as a matter of law based on the reasonableness of Experian's procedures; that is, that Experian properly relied on the information provided to it by Nationstar as required by the FCRA.

The Fair Credit Report Act at 15 U.S.C. § 1681e(b) states: "Whenever a consumer reporting agency prepares a consumer report

it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  "This language is not ambiguous; it creates an obligation on the part of the consumer reporting agency to ensure the preparation of accurate reports independent from § 1681i's reinvestigation requirement."  DeAndrade v. Trans Union LLC, 523 F.3d 61, 67 (1st Cir. 2008).

Here, the Second Amended Complaint specifically alleges that the property was surrendered, the debt included in the bankruptcy, and that plaintiff had no obligation to pay the debt.  These allegations, taken as true, are sufficient to state a plausible claim against Experian.  And the Court agrees with plaintiff that it cannot yet determine whether the mortgage debt (including the amount of any debt) was accurately reported by Nationstar to Experian.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Nationstar Mortgage LLC's Motion to Strike Jury Trial Demand from Second Amended Complaint (Doc. #62) is **GRANTED.**

2. Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (Doc. #63) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record