UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Henry Losch,                                                    Civ. No. 2:18-809-FtM-PAM-MRM

                        Plaintiff,

v.                                                              **MEMORANDUM AND ORDER**

Experian Information
Solutions, Inc.,

                        Defendant.

This matter is before the Court on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment.  For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

In 2012, Plaintiff Henry Losch took out a mortgage through CitiMortgage on his home in Apopka, Florida.  (2d Am. Compl. (Docket No. 60) ¶¶ 8, 12.)  He subsequently moved out of the home and rented the property.  (Id. ¶ 13.)

In March 2017, Losch filed for Chapter 7 bankruptcy protection.  Under Chapter 7, the bankruptcy debtor can either allow the bankruptcy trustee to liquidate the estate's assets or can reaffirm certain debts and remain obligated to pay those debts.  11 U.S.C. §§ 704(a)(1), 524(c)(2).  Losch signed a reaffirmation agreement with CitiMortgage.  (2d Am. Compl. ¶ 16.)  Chapter 7 allows a debtor to rescind a reaffirmation either before the Bankruptcy Court enters an order of discharge, or within 60 days of the date the reaffirmation agreement is filed.  11 U.S.C. § 524(c)(4).

For reasons that are not explained, the trustee of Losch's estate sold the property in June 2017, despite the reaffirmation agreement. In August 2017, CitiMortgage transferred the servicing of Losch's mortgage to Nationstar. (Nationstar was a Defendant here but settled Losch's claims against it in November 2019. (Docket No. 82).) Nationstar sent Losch past-due notices for the mortgage, which prompted Losch to seek to rescind his reaffirmation of the mortgage in November 2017. Because the statutory rescission period had passed, he moved the Bankruptcy Court to allow him to rescind his reaffirmation. The Bankruptcy Court granted the Motion on March 30, 2018, and Losch rescinded the reaffirmation on April 5, 2018. (2d Am. Compl. ¶ 32.) The docket sheet for Losch's bankruptcy case does not, however, indicate the debt involved in the reaffirmation rescission. (Pl.'s Mot. Ex. 1 (Docket No. 87-1).)

In May 2018, Losch got a copy of his credit report from Defendant Experian Information Solutions, Inc. (2d Am. Compl. ¶ 33.) The report indicated that Losch had a debt with Nationstar for nearly $140,000, with a past-due balance of slightly more than $10,000. (Id.) Losch sent a letter to Experian disputing the report. (Def.'s Mot. Ex. N (Docket No. 85-14).) This brief letter stated only that the Nationstar mortgage "was discharged in my chapter 7 bankruptcy that I filed in 2017. We filed a reaffirmation of this mortgage, but we rescinded the reaffirmation in 2018 and the court approved that so I no longer own this debt." (Id.) The letter did not include Losch's bankruptcy case number or any additional specific information.

Experian then sent an automated consumer data verification form ("ACDV") to Nationstar, asking Nationstar for information regarding the alleged debt. In July 2018,

Nationstar confirmed that the loan balance was correct and added additional past-due amounts.  Experian communicated this information to Losch.  (Id. Ex. O.)  Losch filed this lawsuit in December 2018.  On February 25, 2019, Experian updated its records to indicate that the Nationstar mortgage was discharged in bankruptcy.

In Count II of the Second Amended Complaint, Losch alleges that Experian violated the Fair Credit Reporting Act ("FCRA") by failing to:

- establish and/or follow reasonable procedures, 15 U.S.C. § 1681e(b);
- conduct a reasonable reinvestigation after receiving Losch's dispute letter, id. § 1681i(a)(1);
- provide Nationstar with all relevant information regarding the dispute, id. § 1681i(a)(2)(A); and
- correct or delete the disputed information from Losch's credit file, id. § 1681i(a)(5)(A).

He asserts that the FCRA violations were willful, so that Experian is liable for punitive damages in addition to statutory damages and attorney's fees.  Id. § 1681n.

Experian contends that summary judgment is warranted because, as an initial matter, Losch cannot prove that there was any factually inaccurate information in his credit report.  In addition, Experian argues that Losch has not established that Experian's procedures or reinvestigation were unreasonable, that there is no evidence that any alleged FCRA violation was willful, and that Losch has not offered sufficient evidence to establish that he suffered any damages as a result of the alleged FCRA violations.

Losch contends that judgment in his favor is appropriate as to Experian's inclusion of inaccurate information in his credit report, failure to have reasonable procedures in place

to ensure the reporting of accurate information, and failure to conduct a reasonable reinvestigation.  He argues that the issue of damages is one a jury must determine.

**DISCUSSION**

Summary judgment is proper only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  When opposing a motion for summary judgment, the nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials and "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted).

A claim under § 1681i(a) requires the plaintiff to first establish that his or her credit report contains inaccurate or incomplete information.  Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991).  Experian argues that the allegedly incorrect information here is legal, not factual, in nature, and cannot support a claim under § 1681i.

4

Experian asserts that the report's failure to acknowledge that the Nationstar loan had been discharged in Losch's bankruptcy, even if true, was not a factual inaccuracy because a bankruptcy discharge is only a legal defense to payment. Thus, according to Experian, whether Losch remained obligated on the loan is a legal, not a factual issue. But once Experian got information from Nationstar that the loan had in fact been discharged, it stopped reporting the loan. Thus, whether the information was legal or factual had no bearing on Experian's reporting of that information.

Experian contends that even if it had checked the bankruptcy docket, it would not have known that the Nationstar mortgage was the subject of the Bankruptcy Court's March 2018 order. The docket itself contains no indication as to what loan is the subject of that order, and, according to Experian, the weight of authority prohibits a debtor from rescinding a reaffirmation after the statutory period has run. But this argument amounts to a request that the Court cast doubt on the Bankruptcy Court's decision allowing Losch to rescind after the 60-day statutory period. Any comment on the underlying decision is inappropriate and Experian's Motion on this point is denied.

Experian next argues that its reinvestigation procedures were reasonable as a matter of law. A claim under § 1681i(a) requires Losch to prove that Experian failed to conduct a reasonable reinvestigation of his credit dispute.[1] The FCRA makes clear that a credit-reporting agency's duty is to "notify [] the furnisher of the disputed information of the

---

[1] Section 1681e's requirements are essentially identical, requiring credit-reporting agencies to "maintain reasonable procedures." 15 U.S.C. § 1681e(a). Thus, the elements of Losch's claim regarding Experian's procedures are the same whether under § 1681i or § 1681e.

substance of the dispute and provid[e] it with all relevant information received from the consumer." Paul v. Experian Info. Sols., Inc., 793 F. Supp. 2d 1098, 1102 (D. Minn. 2011) (quotation omitted) (citing 15 U.S.C. § 1681i(a)(2)(A)-(B)). Contrary to Losch's argument, the statute does not impose any duties on the credit-reporting agency other than notifying the furnisher of the dispute and examining any information the consumer submits. See 15 U.S.C. §§ 1681i(a)(2), (4). Losch did not provide Experian with any specific information from which it could have discovered that he no longer owed money on the Nationstar mortgage. His failure to do so is dispositive in this case.

And even if Experian should have examined the bankruptcy court docket—which Losch did not provide—the statute does not require a credit-reporting agency's investigation to include examining court orders and other documents to determine their legal effect. Losch's theory of liability here is a bridge too far. Experian did what the statute requires: it contacted Nationstar, which verified the accuracy of the information Experian had reported. Experian did not violate the FCRA, and Losch's claims fail. See Davis v. Equifax Info. Servs. LLC, 346 F. Supp. 2d 1164, 1173 (N.D. Ala. 2004) (finding that Experian conducted a reasonable reinvestigation by "contacting the furnishers of information, notifying them of the nature of the dispute, and asking them to investigate the information currently being reported").

**CONCLUSION**

Losch's FCRA claims against Experian fail as a matter of law. Accordingly, **IT IS HEREBY ORDERED that**:

1.      Defendant's Motion for Summary Judgment (Docket No. 85) is **GRANTED**;

and

2.      Plaintiff's Motion for Summary Judgment (Docket No. 87) is **DENIED**.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated:  February 12, 2020

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge