# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

| | |
|---|---|
| HENRY LOSCH a/k/a John Losch, <br><br>        Plaintiff, <br><br>   v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br>        Defendant. | Case No. 2:18-cv-00809 <br><br> Hon. John Badalamenti |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT

Plaintiff Henry Losch ("Plaintiff") filed this case complaining about the accuracy of Experian Information Solutions, Inc.'s ("Experian") reporting of a mortgage account reported to Experian by Plaintiff's mortgage servicer Nationstar Mortgage, LLC ("Nationstar"). Plaintiff alleged that both Experian and Nationstar violated the Fair Credit Reporting Act's ("FCRA") dispute provisions when they did not adequately investigate Plaintiff's dispute following his Chapter 7 bankruptcy. This failure, Plaintiff claimed, caused him severe emotional distress and anxiety. In discovery, it became clear that Plaintiff blamed Nationstar for the bulk of his distress. This is

unsurprising given that it was Nationstar who sent Plaintiff multiple collection notices, sued Plaintiff in state court, and also repeatedly instructed Experian that Plaintiff was wrong about the accuracy of the information at issue. In contrast, with regard to Experian, Plaintiff testified that he was hoping that Experian would do precisely what it did – forward his dispute to Nationstar. At the same time, Plaintiff testified that he could not separate the harm allegedly caused by Experian from the harm caused by Nationstar.

For its part, Nationstar has conceded it made a mistake in addressing Plaintiff's dispute, and Nationstar and Plaintiff reached a settlement. Plaintiff then dismissed all of his claims against Nationstar, including his FCRA claim, seemingly convinced that the settlement adequately compensated him for the harm Nationstar caused. Now, the Eleventh Circuit has affirmed summary judgment for Experian on any pre-dispute liability as well as any claim that Experian willfully violated the FCRA. The only remaining question is whether Experian negligently violated the FCRA in addressing Plaintiff's dispute, and how much, if any, of Plaintiff's alleged emotional distress was caused by Experian as opposed to Nationstar.

Nonetheless, Plaintiff seeks to hide the fact that he has settled with Nationstar and has been well-compensated for his injuries in order to obtain

a double-recovery. But Plaintiff's alleged injuries are exactly the sort of indivisible injury subject to the one-satisfaction rule. This rule, with deep roots in tort law, holds that Plaintiff can recover only once for each injury. Experian is thus entitled to evidence of the compensation Plaintiff received from Nationstar so that the jury can appropriately evaluate that evidence in deciding any damage award, or so Experian can seek a credit against any such judgment. In short, Plaintiff's settlement with Nationstar is relevant, discoverable, and must be produced.

## I.   BACKGROUND.

### A.   Plaintiff's Mortgage and Credit Reporting Dispute.

Plaintiff had a mortgage serviced by CitiMortgage on a property in Apopka, Florida. (ECF No. 60 at ¶¶ 9-10.). In March 2017, Plaintiff filed a Chapter 7 bankruptcy. (*Id.* at ¶ 11.) Plaintiff then reaffirmed the CitiMortgage debt, but months later rescinded the reaffirmation agreement because the bankruptcy trustee sold the underlying property. (*Id.* at ¶¶ 16, 32.) Nationstar began servicing the loan in July 2017 and began reporting the account to Experian. (*Id.* at ¶ 25.) In May 2018, after he had rescinded his reaffirmation agreement, Plaintiff pulled his Experian credit report. (*Id.* at ¶ 33.) Nationstar was not reporting the debt as discharged, but instead was

still reporting a balance of $139,853, with a past due amount and reporting that indicated Plaintiff was more than 180 days past due on the debt. (*Id.* ¶ 33.) Plaintiff then sent a one-paragraph dispute to Experian, asking Experian to reinvestigate Nationstar's reporting (Exhibit A.)

At his deposition, Plaintiff testified that when he sent Experian the dispute letter, he "hoped" that Experian would contact Nationstar since they "stood in [CitiMortgage's] shoes" and would know that the debt was discharged. (Ex. B at 109:8-20.) Experian did so, forwarding Plaintiff's letter to Nationstar using an industry standard Automated Consumer Dispute Verification ("ACDV") form. *See* ECF No. 85-1 at ¶ 19.) On July 11, 2018, Nationstar responded to the ACDV, updating some of its reporting, but specifically instructing Experian that it should not report the debt as discharged. (*Id.* at 21.) Subsequently, on January 19, 2019 (after this case was filed), Nationstar sent Experian an Automated Universal Data ("AUD") form, that again instructed Experian *not to report the debt as discharged*. (*Id.* at ¶ 25) Nevertheless, in February 26, 2019, Experian updated the Nationstar account to report as discharged.  (*Id.* at ¶ 26.)

**B.**    **Plaintiff's Alleged Damages.**

In both his prior briefing at summary judgment, and before the 11th Circuit, Plaintiff has demonstrated that his actual damages are limited to his purported emotional distress. *See*, *e.g.*, *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021) ("Losch has shown a concrete injury in the form of the emotional distress and time he spent contesting the inaccurate information.").[1]

Discovery has made clear that Plaintiff blames his emotional distress on both Nationstar and Experian, claiming that his time spent dealing with Experian's reporting and Nationstar's collection efforts caused him significant distress.  For instance, asked in written discovery to describe his actual damages caused by Experian, Plaintiff stated in part:

> Plaintiff suffered actual damages resulting from stress, anxiety, and lack of sleep. Mr. Losch has spent approximately 400 hours over the last two years attempting to correct Experian's inaccurate reporting by disputing the inaccuracy, scanning and sending documents to attorneys, answering questions, and fielding queries and demands from co-Defendant Nationstar all due to Experian's inaccurate reporting.

---

[1] While the Eleventh Circuit stated that the time Plaintiff spent disputing the information could be an injury to support standing, it also affirmed summary judgment of any pre-dispute liability, barring any recovery from Experian for any time Plaintiff spent prior to his dispute.  *See Losch*, 995 F.3d at 996, n.6

Ex. C (Response to Interrogatory No. 4.)

Asked by Nationstar to describe his "mental and emotional pain, anguish, humiliation, and embarrassment of credit denials" Plaintiff responded similarly:

> Plaintiff was harassed, deceived, and coerced by Defendant's illicit collection tactics over the seven (7) month period described in Plaintiffs Second Amended Complaint. Such tactics included a constant barrage of collection letters, a steady increase in the amount Defendant claimed Plaintiff owed, and the filing of a state collection lawsuit. These tactics were especially mentally disturbing to Plaintiff as a seventy-four (74) year old retiree living on social security and were made all the more confusing and emotionally distressing by the fact that Plaintiff was under the (correct) impression that the debt Defendant was attempting to collect had been legally discharged in bankruptcy.

Ex. D at 5 (Response to Nationstar Interrogatory No. 5).

Of the 400 hours Plaintiff claims to have spent dealing with this issue, Plaintiff testified that about 1 hour of it involved writing his dispute to Experian, and the rest was scanning and sending documents to his lawyers, and dealing with Nationstar. (*See* Ex. B at 91:6-92:9.) Notably, whereas Nationstar sent Plaintiff monthly statements, collection notices, and sued Plaintiff in state court, Experian only sent Plaintiff a credit report he requested, and dispute results showing how Nationstar updated the account after his dispute. Crucially, when asked specifically if he could determine

whether Nationstar as opposed to Experian was the cause of his distress and time spent, Plaintiff testified "I would lump it altogether . . . I don't know how I could separate it out." Ex. B at 91:1-9.

C.    **Procedural Posture.**

On June 6, 2019, Plaintiff filed the operative Second Amended Complaint. ECF No. 60. Count I alleged that Nationstar violated § 1681s-2 of the FCRA by failing to conduct a reasonable investigation into his dispute. *Id.* at ¶¶ 95. Count II alleged that Experian violated § 1681e(b) and § 1681i(a), in failing to conduct a reasonable reinvestigation. *Id.* at ¶¶ 96-103. Plaintiff alleged that each violation caused him "mental and emotional pain and anguish and the humiliation." *See id.* at ¶¶ 91; 101. On October 29, 2019, the parties attended a mediation, and Plaintiff and Nationstar reached a settlement. *See* ECF No. 78. Plaintiff then dismissed Nationstar on November 20, 2019, dismissing all of his claims with prejudice. ECF No. 82.

On November 19, 2019, Experian served an additional interrogatory on Plaintiff, asking him to identify the amount of the monetary settlement with Nationstar. *See* Ex. E. Plaintiff refused, responding on December 23, 2019, objecting that that interrogatory was untimely and that the settlement

was confidential.[2] In the interim, the parties each moved for summary judgment, filing opening motions on November 27, 2019 (ECF Nos. 87,88), Responses on December 18, 2019 (ECF Nos. 94,96), and Replies on December 26, 2019. ECF Nos. 101, 104. The parties then agreed to table any motion to compel regarding the Nationstar Settlement, pending resolution of the summary judgment briefs. *See* Ex. F.

On February 12, 2020, Judge Magnuson granted Experian's motion in its entirety and denied Plaintiff's motion. ECF No. 127. Plaintiff then appealed. ECF No. 130. On April 28, 2021, the Eleventh Circuit affirmed summary judgment as to any pre-dispute liability and on Plaintiff's claim that Experian willfully violated the FCRA, but remanded Plaintiff's negligence claim under § 1681o in regards to Experian's handling of Plaintiff's dispute. *See Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 947 (11th Cir. 2021).  In doing so, the Eleventh Circuit noted that Plaintiff had not put forward any evidence of credit denials, but could still recover for his alleged

---

[2] Although it is unclear from the recent correspondence between the parties if Plaintiff is standing on his timeliness objections, it is meritless regardless.  Experian served its Interrogatory shortly after the mediation, and before Nationstar was even dismissed from this case and Plaintiff has never identified any prejudice that resulted from any delay here.

emotional distress. *See id.* at 943-44; *also* Ex. C at 4-5 (identifying no credit denials in recitation of his actual damages).

After remand, Experian then contacted Plaintiff's counsel to revisit production of the Nationstar settlement. Plaintiff refused, stating in part "We have a confidential settlement with Nationstar for completely separate claims that have nothing to do with the Experian case at all. I'm not sure how we bridge that if Experian thinks it can obtain a one satisfaction decision for an FDCPA case." *See* Ex. G.

## Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). It is well-established that "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Johnson v. Chase Bankcard Servs., Inc.*, No. 6:19-CV-2252-CEM-LRH, 2021 WL 2905560, at *2 (M.D. Fla. Apr. 13, 2021) (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). "The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (citations omitted).

**Argument**

I.  **PLAINTIFF'S SETTLEMENT WITH NATIONSTAR IS RELEVANT AND NOT PRIVILEGED.**

   A.   **The One Satisfaction Rule.**

The one satisfaction rule "provides that a plaintiff is entitled to only one satisfaction for a single injury, such that amounts received in settlement from an alleged tortfeasor are credited against judgments for the same injury against non-settling tortfeasors." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008). Although similar, the one satisfaction rule is not a claim for contribution or indemnification, rather the one satisfaction rule "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury . . . The one-satisfaction rule operates against plaintiffs and requires nothing of joint tortfeasors . . . ." *Id.* (citing *Snowden v. D.C. Transit System, Inc.*, 454 F.2d 1047, 1047–48 (D.C.Cir. 1971)); *see also Kassman v. Am. Univ.*, 546 F.2d 1029, 1033 (D.C. Cir. 1976) (describing one satisfaction rule and stating "(a) cardinal principle of law is that in the absence of punitive damages a plaintiff can recover no more than the loss actually suffered.") (citation omitted).

Sister-courts in this Circuit have found that the one satisfaction rule applies to FCRA claims and compelled production of settlement agreements

with co-defendants. *See Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2018 WL 11271518, at *2 (N.D. Ala. Mar. 30, 2018); *Williams v. LVNV Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 WL 1331014, at *1 (N.D. Ala. Apr. 11, 2017). Federal courts have likewise applied the one satisfaction rule in a variety of actions arising under other federal statutes. *See, e.g., BUC Int'l Corp.*, 517 F.3d at 1278 n.7. (11th Cir. 2008) (holding that one satisfaction rule applied under the federal Copyright Act); *MacKethan v. Burrus, Cootes & Burrus*, 545 F.2d 1388, 1389–91 (4th Cir. 1976) (applying one satisfaction rule under Securities Exchange Act of 1934); *Fed. Trade Comm'n v. Hardco Holding Grp., LLC*, No. 617CV1257ORL37TBS, 2017 WL 6947454, at *1 (M.D. Fla. Dec. 7, 2017) (denying a default judgment and applying one satisfaction rule in Federal Trade Commission Act and Fair Debt Collection Practices Act action).[3]

---

[3] Although this Court has federal question jurisdiction, it is worth noting that Florida courts also apply the one satisfaction rule. *See, e.g., Roper v. Fla. Pub. Utilities Co.*, 131 Fla. 709, 713, 179 So. 904, 905 (1938) ("this court approved the well-settled rule that a release or discharge of one or more joint tort-feasors, executed in satisfaction of the tort, is a discharge of all, on the ground that the party injured can have but one satisfaction for his injury."); *Addison Constr. Corp. v. Vecellio*, 240 So. 3d 757, 763 (Fla. Dist. Ct. App. 2018) ("Double recovery is foreclosed by the rule that only one satisfaction may be obtained for a loss that is the subject of two or more judgments.") (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 49 cmt. A).

Given this weight of precedent, it is clear that the one-recovery rule applies to Plaintiff's remaining claims and he can obtain only a single recovery for his alleged injuries.

**B.  Plaintiff Seeks To Recover for a Single Injury.**

As explained, the one satisfaction rule operates to prevent Plaintiff from recovering more harm than he suffered. Plaintiff has conceded that he has no evidence of credit denials, and is proceeding primarily on his alleged damage of emotional distress. *See* (appeal). But Plaintiff also made clear that his emotional distress was not distinct or separate injuries. Rather, he testified that he "would lump them altogether" and that he "doesn't know how to separate them." That is exactly the sort of indivisible injury where courts have held the one satisfaction rule applies.

In *Williams*, the court explained the application of the one-satisfaction rule:

> Mr. Williams' testimony establishes that the CRA's conduct and LVNV/Resurgent's conduct caused the same physical and mental symptoms—*the same injury.* Further, earlier in his deposition, Mr. Williams admitted that he could not discern the amount of damage inflicted by each defendant. When asked how he could separate the emotional distress out to what was caused by each defendant, Mr. Williams responded, "I don't have a way to distinguish that."
> 2017 WL 1331014, at *1.

In *Younger*, the court reasoned similarly:

> Although the court agrees with Plaintiff that his claims against PRA and Equifax and his claims against Experian stem from separate conduct, the relevant inquiry for the one satisfaction rule is not whether the conduct is distinct but whether the injury is distinct. Looking at Plaintiff's deposition testimony in this light, his testimony underscores the indivisible nature of his alleged injuries. Plaintiff testified he experienced the same alleged symptoms based on the conduct of PRA and Equifax as he did based on the conduct of Experian, and he could not distinguish the distress.

2018 WL 11271518, at *2.

As in *Williams* and *Younger*, Plaintiff testified that he "lumped" Experian and Nationstar together and could not separate the two. Ex. B at 91:1-9.  Again, this makes sense.  Plaintiff's alleged injury – his emotional distress – was caused by Experian's reporting of information it received from Nationstar as well as Nationstar's repeated and extensive efforts to collect on the debt.  While his causes of action against Experian and Nationstar may be distinct, his damages are not and he is not permitted to a double recovery. And, whether Plaintiff's lawyers tried to paper over the recovery by calling it a settlement of only the FDCPA claims as their correspondence suggests does not in any way change the reality or the result.

### C.   There is Good Cause To Produce The Nationstar Agreement.

Although often confidential, settlement agreements are not generally privileged. *See of Bradfield v. Mid-Continent Cas. Co.*, 15 F. Supp. 3d 1253, 1256 (M.D. Fla. 2014). However, in light of the policies embodied in Fed. R. Evid. 408, courts sometimes require a heightened showing of relevance before ordering the production of confidential settlement agreements. *See*, *e.g.*, *Aaron v. Trump Org., Inc.*, No. 8:09-CV-2493-T-23AEP, 2011 WL 13141669, at *3 (M.D. Fla. Mar. 18, 2011), *order clarified*, No. 8:09-CV-2493-T-23AEP, 2011 WL 13141513 (M.D. Fla. June 2, 2011). This showing generally involves "establishing a particularized need for the Settlement Agreement to obtain information that could not be obtained from another source." *Id* at *3-4 (discussing good cause standard).

Here, there is good cause to require Plaintiff to produce the settlement agreement, or minimally the amount of monetary compensation Nationstar paid. As explained above, the information is plainly relevant to the one satisfaction rule and is not available from any other source. While Experian's Interrogatory initially asked for only the monetary amount, in the meet-and-confer process, Plaintiff has taken the position that the settlement relates only to Plaintiff's FDCPA claim. Even if true, that would not prevent the

application of the one satisfaction rule, *see*, *e.g.*, *Younger*, 2018 WL 11271518, at \*2, but also suggests that the Court should require production of the actual agreement, and not just the monetary amount, so that the actual terms that govern what the monetary payment is for is made clear.

Likewise at the recent status hearing in this matter, Plaintiff's counsel questioned if any of the settlement went to Plaintiff, or was consumed entirely by his attorney's fees. It is unclear why this would matter as settlement proceeds are taxable income to *Plaintiff*, regardless of whether those proceeds were also used to pay his attorneys. *See*, *e.g.*, Tax Implications of Settlements and Judgments, Irs.gov, *available at* https://www.irs.gov/government-entities/tax-implications-of-settlements-and-judgments (last visited Aug. 20, 2021). Regardless, if Plaintiff wants to argue that, despite Nationstar's payment, he remains uncompensated, he is free to produce additional documents to support that claim, but it does not somehow nullify the application of the one-satisfaction rule.

## **CONCLUSION**

For the reasons stated above, Experian respectfully requests that the Court enter an order compelling Plaintiff to produce his settlement agreement with Nationstar Mortgage, LLC.

## LOCAL RULE 3.01(g) CERTIFACTION

The undersigned certifies that he has met and conferred with Plaintiff's counsel regarding the issues presented in this Motion and the parties have been unable to resolve their disagreement.  Specifically, the parties corresponded over email regarding the application of the one satisfaction rule and the contents of this Motion as shown in Exhibit G.


Dated: August 23, 2021
                                      */s/ Christopher A. Hall*
                                      Maria H. Ruiz, Esq.
                                      FBN 182923
                                      **Kasowitz Benson Torres LLP**
                                      1441 Brickell Avenue, Suite 1420
                                      Miami, FL. 33131
                                      Tel: (786) 587-1044
                                      Fax: (305) 675-2601
                                      mruiz@kasowitz.com

                                      Christopher A. Hall
                                      *Pro Hac Vice*
                                      JONES DAY
                                      77 West Wacker
                                      Suite 3500
                                      Chicago, IL 60601.1692
                                      Telephone: +1.312.782.3939

Facsimile:   +1.312.782.8585
chall@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*