**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| HENRY LOSCH<br>a/k/a John Losch,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONSTAR MORTGAGE<br>SERVICES, LLC, d/b/a Mr. Cooper,<br>and EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>          Defendants. | Case No. 2:18-cv-00809-MRM |

**DEFENDANT EXPERIAN INFORMATION SOLUTION'S**
**RESPONSE IN OPPOSITION TO**
**PLAINTIFF HENRY LOSCH'S MOTION IN LIMINE**

In six broad requests, Plaintiff aims to withhold relevant and non-prejudicial evidence from the jury and further seeks to impermissibly narrow the substantive issues at trial. The Court should deny Plaintiff's Motion in its entirety.

## LEGAL STANDARD

"Relevant evidence" is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United*

*States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001); *Valentin v. Salson Logistics, Inc.*, No. 8:20-CV-2741-VMC-CPT, 2022 WL 80442, at *1 (M.D. Fla. Jan. 7, 2022). "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." *LSQ Funding Grp. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07–80172–CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)); *Valentin v. Salson Logistics, Inc.*, No. 8:20-CV-2741-VMC-CPT, 2022 WL 80442, at *1 (M.D. Fla. Jan. 7, 2022)2022 WL 80442, at *1 (same); *City of S. Miami v. Desantis*, No. 19-CV-22927, 2020 WL 7074644, at *5 (S.D. Fla. Dec. 3, 2020) (same); *Holder v. Anderson*, No. 3:16-cv-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) ("Motions in limine should be limited to specific pieces of evidence and not serve [to] (re)-address[] substantive motions such as motions for summary judgment.").

**Motion in Limine No. 1: Exclude evidence and statements pertaining to Plaintiff's Settlement with Nationstar and any discussion regarding the payment of attorneys' fees in this case.**

Plaintiff's effort to hide the fact that he has been fairly compensated for his injuries by Nationstar should be denied.  Both the facts and law of this case show that the settlement is relevant, and keeping the jury in the dark risks unfair prejudice to Experian from a jury who decides Plaintiff has been harmed by Nationstar's actions, but has not yet been compensated.

At trial, Experian expects the jury will hear the following facts. Nationstar obtained the mortgage debt at issue from Citimortgage after it had been reaffirmed and began accurately reporting the terms of the loan to Experian. Nationstar then began trying to collect what it was then owed, sending Plaintiff monthly billing statements, delinquency notices, and the like. Neither Plaintiff nor his bankruptcy attorneys seemed to recognize that he should rescind his reaffirmation with Citimortage in a timely fashion and instead contacted Nationstar asking if it would agree to void the agreement. Nationstar then directed them back to the bankruptcy court, a process that inexplicably took several more months, all the while the mortgage debt was subject to a valid and unrescinded reaffirmation agreement. Nationstar thus continued to accurately report the debt to Experian and continued its efforts to collect from Plaintiff. Eventually, Plaintiff filed his rescission, but Nationstar still included him in the foreclosure action on the property, even serving him with discovery requests, actions that seemingly prompted Plaintiff to pull his Experian credit report and send the dispute letter at the center of this case. Asked what he hoped Experian would do with his letter to reinvestigate, Plaintiff said, "I would think that one of the first things they might do is contact Nationstar." Depo Tr. at 69:9-18. That is, of course, what Experian did, but Nationstar verified the account information and did not agree that it was

discharged, twice telling Experian that was not the case.  All the while, Nationstar continued its efforts to collect the debt.

The jury will also hear Plaintiff say that he spent approximately 400 hours trying to deal with this issue, of which 1 hour was related to sending his dispute letter to Experian. The jury will hear Plaintiff testify as to his emotional distress, lost sleep, and other non-economic damages caused by these events. Then, the jury will hear that Nationstar has admitted that it made a simple mistake in understanding the effect of Plaintiff's recession, a mistake likely caused by the very unusual nature of Plaintiff's bankruptcy. Against this backdrop, the jury should be allowed to hear and consider evidence that Nationstar, the source of the disputed reporting, the entity that sent Plaintiff notice after notice, and sued Plaintiff to collect on the debt, has paid for that mistake in a settlement that both Nationstar and Plaintiff agreed fairly compensated him for the damage done.

Plaintiff is also wrong on the law. This court has already held that the settlement is relevant, granting Experian's motion to compel. *See* Dkt. 167. And Rule 408 does not "generally" exclude settlements, rather "Rule 408 bars settlements or offers to settle in order to prove liability for, invalidity of, or amount of a claim. The rule does not apply if the evidence is offered for another purpose." *Barker v. Niles Bolton Associates, Inc.*, 316 Fed.Appx. 933, 937 (11th Cir. 2009) (internal quotations omitted) (finding that a settlement agreement was admissible

because it was offered to prove the measure of damages sustained by the plaintiff, not to prove liability, invalidity of claims, or amount of claim); *Peklun v. Tierra Del Mar Condo. Ass'n, Inc.*, No. 15-CV-80801, 2016 WL 4250693, at *2 (S.D. Fla. June 1, 2016) (finding the settlement agreement relevant and agreeing that prohibiting all reference to the settlement would by overly prejudicial and lead to potential jury confusion). The fact of settlement is admissible if offered to explain the conspicuous absence of a party at trial, especially where the jury is otherwise likely to wonder. *See Belton v. Fibreboard Corp.*, 724 F.2d 500 (5th Cir. 1984) ("Rule 408 by its terms does not operate to exclude evidence unless it is offered to prove 'liability for or invalidity of the claim or its amount.'") (quoting former text of Fed. R. Evid. 408(a)).

Here, the jury might be confused or prejudiced against Experian by the fact that Nationstar is not at trial where Experian is essentially facing liability because of the information Experian produced on a consumer disclosure *because of what Nationstar reported to Experian* and for the actions Nationstar took.[1] The jury may also seek to compensate Plaintiff for the harm Nationstar caused, but it may think it can only do so by awarding a greater amount against Experian. Both risks are

---

[1] Nationstar, after admitting that its reporting and dispute verification to Experian was due to a mistake by Nationstar, testified that it also believed the settlement fairly compensated Plaintiff for that mistake. *See* ECF No. 98-1 at 59:1-60:8 (under seal). That Nationstar, a party to the agreement, believes it fairly compensated Plaintiff for his injuries belies any argument that the settlement is not relevant.

easily avoided by allowing Experian to explain to the jury that Nationstar has admitted its mistake and fairly compensated Plaintiff.

Plaintiff is also wrong about the application of the one-satisfaction rule. Initially, the settlement agreement does not distinguish between Plaintiff's claims under the FCRA, or the other statutes he invoked when suing Nationstar. *See* Ex. A (Settlement Agreement). Even if it did, that is beside the point because the question of the application of the one-satisfaction rule is determined by the injuries a plaintiff suffers, not the causes of actions pleaded. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008). Further, despite Plaintiff's insistence to the contrary (the same made in opposing Experian's Motion to Compel), the one-satisfaction rule is *not* a claim for contribution or off-set from a co-defendant. *Id.* at 1277 ("MLS and IYC are not seeking contribution by invoking the one-satisfaction rule. A right of 'contribution' allows a defendant 'to demand that another who is jointly responsible for a third party's injury supply part of what is required to compensate the third party, . . . The one-satisfaction rule, by contrast, operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury.").

Plaintiff's reliance on *Sloane v. Equifax Info. Servs., LLC, et al.*, 510 F.3d 495 (4th Cir. 2007) is also misplaced, just as it was in opposing Experian's motion to compel. *Sloane* dealt with a claim involving *different* consumer reports created by

*different* consumer reporting agencies with injuries that occurred at different times based on different information. Here, by contrast, Plaintiff seeks to hold Experian liable for the information Nationstar provided to Experian, and was asked directly if he could separate the harm caused by Experian and Nationstar, but testified plainly: "I would lump it altogether . . . I don't know how I could separate it out." Dkt. 85-2 at 92:1-9. This same problem infests the other FCRA cases Plaintiff relies on: each deal with efforts to apply the one-satisfaction rule to injuries that were discrete and unrelated, for which the evidence was not yet available. *See* Dkt. 162 (discussing Plaintiff's cases). The only cases on all-fours with the facts here— where the consumer had settled with the data furnisher who provided the disputed information, and then testified that their injuries were indistinguishable—properly found that the one-satisfaction rule applied. *Williams v. LVNV Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 WL 1331014, at *2 (N.D. Ala. Apr. 11, 2017) (relying on *BUC Int'l Corp.* in agreeing on the applicability of the one satisfaction rule in a FCRA case); *Younger v. Experian Info. Sols., Inc.*, No. 2:15-cv-00952-SGC, 2018 WL 11271518, at *1-2 (N.D. Ala. Mar. 30, 2018) (same). Plaintiff's cited authority in the Fourth Circuit is irrelevant. (Pl. Mot. 4 (citing *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 500-01 (4th Cir. 2007).) *See Williams, LLC*, 2017 WL 1331014, at *2 ("*Sloane* does not stand for the proposition that the one satisfaction rule does not apply in the FCRA context.")

There is no basis to blind the jury to the facts here, and the Court should not

do so. Regarding the introduction or discussion of attorneys' fees, Plaintiff did not

confer regarding the introduction or discussion of the payment of attorneys' fees

in this case. Experian does not oppose Plaintiff's Motion in Limine on that limited

point, provided Plaintiff does not open the door to this evidence at trial.

**Motion in Limine No. 2: Exclude statements and argument that Defendant's investigation was reasonable per se.**

Experian will not argue that its reinvestigation of sending an ACDV to

Nationstar in this matter was per se reasonable, or reasonable as a matter of law.

However, Experian objects to Plaintiff's Motion because Plaintiff broadly moves

that Experian should not be able to argue "that when any consumer disputes the

accuracy of information in their Experian consumer report, the most that the FCRA

requires is only that it forward the dispute to the furnisher." (Pl. Mot. 11-12.); *City*

*of S. Miami v. Desantis*, No. 19-CV-22927, 2020 WL 7074644, at *5 (S.D. Fla. Dec. 3,

2020) ("A district court may therefore deny a motion in limine when it lacks the

necessary specificity with respect to the evidence to be excluded") (internal

citations omitted).

In this broad reading, Plaintiff impermissibly seeks to narrow the issues to

be tried. *LSQ Funding Grp..*, 879 F. Supp. 2d at 1337. Indeed, whether Experian's

reinvestigation was reasonable when it consisted of reviewing Plaintiff's dispute

letter and sending an ACDV, is the *exact question* that caused the Eleventh Circuit

to remand for the jury to decide:

> Just as we cannot hold that Experian's procedures were per se reasonable, we do not hold that they were per se unreasonable. Nor do we hold that in every circumstance where a plaintiff informs a credit-reporting agency of an inaccuracy, the agency must examine court records to independently discern the status of a debt. Even when a consumer has informed the agency about inaccurate information, there may be circumstances—say, when the consumer supplies insufficient detail—in which there is no jury question about the reasonableness of the agency's investigation or reinvestigation. Or the facts may show that the agency took alternative steps to verify information, such as contacting the consumer. Again, on the facts of this case—where (1) Losch provided a sufficiently detailed notice to Experian for it to investigate the inaccuracy and (2) Experian did nothing other than forward the letter to its data furnisher—we cannot say that Experian's procedures were reasonable as a matter of law, such that it was entitled to summary judgment.

*Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 947 (11th Cir. 2021).

In some instances, sending an ACDV in response to a consumer dispute is

all that the FCRA requires, and Experian should not be proscribed from presenting

that fact. Plaintiff correctly articulates Experian's position that it was reasonable

for Experian to send an ACDV to Nationstar in response to Plaintiff's dispute, and

Experian's belief that this is all that was required under the FCRA given the facts

of this case. To preclude Experian from arguing this position is essentially

disallowing Experian from arguing against its own liability in direct contravention

of the Appellate Court.

Thus, Plaintiff's motion in limine should only be granted for this topic on

the narrow holding that Experian cannot argue that sending the ACDV was

reasonable *as a matter of law*. Experian should be otherwise able to present evidence and argue its position that its procedures were reasonable in this case.

**Motion in Limine No. 3: Exclude statements or suggestions that the Nationstar tradeline at issue was accurate.**

Plaintiff inappropriately seeks to re-hash summary judgment arguments in efforts to limit substantive issues from trial. *Holder*, 2018 WL 4956757, at *1. Whether the Nationstar tradeline was accurate is an element of both of Plaintiff's FCRA claims where Plaintiff bears the burden of proof, which rightfully belongs in front of the jury.

Here, Experian does not dispute that the *legal effect* of Plaintiff's reaffirmation, motion to set aside, and subsequent rescission is that his obligation to Nationstar was discharged. Experian also agrees that when a credit reporting agency knows that a debt is discharged, it would be inaccurate to report a balance or post-discharge late information, which is why Experian does not do so (and was not doing so for any of the other debts that Experian knew were discharged).

What Experian disputes is that the FCRA would have expected Experian to make this determination regarding Plaintiff's Nationstar account in the *first instance*. That is a jury question, and it is exactly why the 11th Circuit remanded. *Supra* at 10. The question here is how Experian should have known that Plaintiff's Nationstar account was included in bankruptcy, and if the jury determines that the answer to that question involves resolving legal questions and applying law

to facts, it cannot find Experian liable. *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) ("a [§ 1681i(a)] claim is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry."); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) ("To determine whether a consumer has identified a factual inaccuracy on his or her credit report that would activate § 1681i's reinvestigation requirement, the decisive inquiry is whether the defendant credit bureau *could have uncovered the inaccuracy* if it had reasonably reinvestigated the matter.") (internal citations omitted) (emphasis added). Experian correctly reported the information provided to it by Nationstar. Whether Experian should have been able to uncover the inaccuracy through reinvestigation, outside of information provided by the furnisher, in Plaintiff's confusing and complicated bankruptcy, is a jury question. *Id*.

It is, of course, true, that the Eleventh Circuit stated that Plaintiff was not challenging the validity of the debt, and that Experian's reporting was inaccurate because the debt was discharged. But the Eleventh Circuit stopped short of holding that Experian had a duty to determine from Plaintiff's bankruptcy proceedings the fact that the debt was discharged, leaving that question to the jury. *Losch*, 995 F.3d 946-47 ("Nor do we hold that in every circumstance where a

plaintiff informs a credit-reporting agency of an inaccuracy, the agency *must* examine court records to independently discern the status of a debt.").

The Eleventh Circuit's statements regarding accuracy must also be understood in light of controlling Supreme Court precedent, and other Eleventh Circuit precedent on the effects of a bankruptcy discharge and the meaning of accuracy in the FCRA. A mortgage debt, like the debt at issue here, is a contract between the consumer and creditor, secured by a lien. *See Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991). That contract has terms, interest rates, penalties and other terms. When a mortgage debt is discharged in bankruptcy, the creditor is enjoined from collecting personally, but the contract itself is not voided, nullified, or modified. *Id.*; *Medley v. Dish Network, LLC*, 958 F.3d 1063, 1067 (11th Cir. 2020) ("A Chapter 7 discharge relieves the debtor of personal liability; it does not nullify a prepetition agreement or render any agreement unenforceable."). But because the consumer's personal liability is discharged, authorities have held that a discharged debt should report with a $0 balance "to reflect the fact that the consumer is no longer liable for the discharged debt." 16 C.F.R. pt. 600, App. § 607, ¶ 6 (1991). Here, Plaintiff's eventual rescission did not change the underlying facts of the debt, the contract terms, the outstanding balance, and the fact that Nationstar had begun foreclosure proceedings (which is how the debt was

reporting when Plaintiff filed the case). These were facts were true, but the Eleventh Circuit held they were misleading because they did not indicate that the account was discharged, thus suggesting that the debt remained legally enforceable against Plaintiff when it was not. *See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) ("If a report is so misleading that it is objectively likely to cause the intended user to take adverse action against its subject, it is not maximally accurate."). Put another way, facts do not change, but the proper inference to draw from those facts may. The facts of Plaintiff's Nationstar account the day before he rescinded his reaffirmation remained the day after, but the proper inference changed. Reading the Eleventh Circuit's opinion otherwise forces an unecessary contradiction with *Johnson*, the Bankruptcy Code, and what the Eleventh Circuit has said elsewhere on the effect of a discharge.

Experian has no intention of arguing that the Nationstar debt was not discharged as a result of Plaintiff's rescission, but Experian must be allowed to present evidence to show that a) making that determination was beyond what the FCRA required; b) making that determination in this case is beyond what the reasonableness requirements of the FCRA include; and c) Experian's reporting otherwise directly matched the facts in Nationstar's system and in the public record.

**Motion in Limine No. 4: Exclude evidence that Plaintiff's consumer report was not published to third parties.**

Experian agrees that it will not seek to introduce new evidence, not already produced or otherwise disclosed, that Experian did not publish Plaintiff's credit report to third parties.

Importantly, however, Experian objects to any broader reading of Plaintiff's Motion that Experian cannot argue or provide evidence already produced or otherwise disclosed that the Nationstar trade line was not produced in a third party credit report to third parties. Experian will argue that Plaintiff has the burden of proof to show that the Nationstar trade line was published to third parties in support of Plaintiff's 1681e(b) claim, and Plaintiff cannot "narrow the issues to be tried," *LSQ Funding Grp.*, 879 F. Supp. 2d at 1337, by seeking to prevent Experian from arguing that Plaintiff must meet his burden of establishing that a report was published. While the 11th Circuit reasoned that there was the possibility that Plaintiff's credit report was sent to third parties based on the inquiries on Plaintiff's consumer disclosure, which was sufficient to show that a report was sent to third parties *for summary judgment purposes*, *Losch*, 995 F.3d at 943, the fact finder will determine this conclusively, and this evidence is relevant (indeed central) to that determination. The Court should deny Plaintiff's Motion on this issue.

**Motion in Limine No. 5:** **Exclude evidence, statements, or argument that Nationstar was an inherently reliable source of information.**

Plaintiff argues that Experian should not be able to "introduce evidence, assertions, suggestions, or statements that Nationstar was a presumptively reliable source of information" neither should Experian be able to "confuse and mislead the jury with the introduction of new evidence regarding Nationstar's reliability (or, worse, the suggestion without evidence that Nationstar is a presumptively reliable furnisher)." (Pl Mot. 18.). To the extent that this Motion moves for the exclusion of new evidence, not already disclosed or otherwise produced, Experian agrees. However, to the extent that this Motion more broadly argues that Experian cannot argue that Nationstar was reliable based on an alleged lack of evidence to the contrary, or based on other evidence in the record, Experian disagrees and notes that Plaintiff again, attempts to narrow the issues for trial through his Motion. *LSQ Funding Grp.*, 879 F. Supp. 2d at 1337.

As the Eleventh Circuit made clear on remand, the jury question is largely limited to whether Experian's sending of an ACDV was reasonable, or if Experian should have done more (such as reviewing Plaintiff's bankruptcy docket or calling Plaintiff for more information). *See Losch*, 995 F.3d at 946-47. Integral to that determination is Experian's procedures, which Experian believes, reasonably rely on the furnisher's reporting in the first instance. Experian will argue that it did not

have reason to believe that the information supplied to it by the data furnisher was unreliable. *Losch*, 995 F. 3d at 945.

Plaintiff contends that Experian should not be able to present evidence or statements on the furnisher's reliability because (1) there is no evidence that Nationstar was presumptively reliable; (2) Experian failed to produce the contract between Nationstar and Experian. Neither are accurate.

First, there is a presumption in the law of the FCRA that financial institutions are reliable, which was expressly adopted by the Eleventh Circuit in this case. *See Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004); *Losch*, 995 F.3d at 945 ("[A] reporting agency's procedures will not be deemed unreasonable unless the agency has a reason to believe that the information supplied to it by a data furnisher is unreliable."). Second, Plaintiff himself (as opposed to his counsel), has conceded that Nationstar was reliable, admitting at deposition that the information it reported was accurate but for his recession, and that he wanted Experian to verify the information by contacting Nationstar. Third, Experian provided evidence that it believes Nationstar to be reliable through its procedures, manuals, and guides it has produced, and also through the testimony of Experian's 30(b0(6) witness who testified why Experian believed that the furnisher was reliable.[2] Finally, Experian *did produce* its agreement with Nationstar

---

[2] Plaintiff argues that through "recent discovery in factually similar cases" it has discovered that "not only does Experian track furnisher reliability information internally,

in discovery in this case, called a Consumer Services Schedule. There is no reasonable argument that Experian cannot seek to admit, discuss, or present argument on what it produced to Plaintiff over a year and a half ago.

Therefore, Experian should be free to admit argument regarding its procedures in reasonably relying on Nationstar in this matter, which it believed to be a presumptively reliable furnisher. Plaintiff is free to argue to the jury that after Plaintiff's dispute, Experian should have done more, and should not have relied on the furnisher, or that the furnisher was not a reliable source of information. That is the crux of the dispute, and it is a matter for the jury. The Court should deny Plaintiff's Motion on this issue.

## CONCLUSION

For the reasons set forth above, this Court should deny Plaintiff's Motion.

---

but it does so through automated procedures which produce Metrics Reports on furnishers" and that Experian has willfully withheld this information from Plaintiff. (Pl. Mot. 20-21.) None of this is accurate. Metric Reports, which have no bearing in this matter and which Plaintiff misunderstands, are not furnisher audit reports, and Experian does not use them internally to track furnisher reliability. Further, these Metric Reports were first produced to Plaintiff's law firm in a separate matter in December of 2020, pursuant to a protective order that limits their use to that case – an order Plaintiff's counsel now violates. To the extent that Plaintiff's counsel though these were relevant to this matter, they have had sufficient time (over a year) to bring this to Experian's attention and/or to the Court's. Inserting this now into a Motion in Limine is disingenuous.

Dated: February 22, 2022                    Respectfully submitted,

*/s/ Christopher A. Hall*

Adam W. Wiers
Christopher A. Hall
*Pro Hac Vice*
JONES DAY
77 West Wacker
Suite 3500
Chicago, IL 60601.1692
Telephone:  +1.312.782.3939
Facsimile:   +1.312.782.8585
awwiers@jonesday.com
chall@jonesday.com

Callie M. Barr (MI # P83797)
*Pro Hac Vice*
JONES DAY
150 West Jefferson
Suite 2100
Detroit, Michigan 48226
Telephone:  +1.313.230.7952
Facsimile:   +1.313.230.7997
cmbarr@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*