IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| HENRY LOSCH<br>a/k/a John Losch,<br><br>          Plaintiff,<br>     v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>          Defendant. | Case No. 2:18-cv-00809<br><br>Hon. Mac R. McCoy |

**EXPERIAN INFORMATION SOLUTION'S BRIEF REGARDING THE APPLICATION OF THE ONE-SATISFACTION RULE**

Experian Information Solutions, Inc. ("Experian") submits this brief regarding the application of the One Satisfaction Rule to this case, pursuant to this Court's May 17, 2022 Order (Dkt. 215).

## BACKGROUND

The upcoming trial in this matter will determine whether Experian negligently violated the Fair Credit Reporting Act ("FCRA") and, if so, what amount of damages Experian owes Plaintiff. Experian assumes the Court is familiar with the material facts, but, in brief: Plaintiff had a mortgage loan that was serviced by Nationstar Mortgage, LLC after Plaintiff filed for Chapter 7 bankruptcy. Nationstar reported information regarding the debt to Experian, who added it to Plaintiff's credit file. Plaintiff had reaffirmed the underlying mortgage

debt early in his bankruptcy, but the trustee sold the attached property, regardless. Months later, after his discharge order had been entered and long after the period allowed by the Bankruptcy Code, Plaintiff filed a motion seeking to rescind his reaffirmation agreement with the prior lender. This motion was eventually granted, and Plaintiff filed a Notice of Recission. Nevertheless, Nationstar filed a foreclosure case, naming Plaintiff personally. After being served with the summons, Plaintiff checked his Experian credit file in May 2018. Upon seeing that Nationstar had continued to report the debt as though it was reaffirmed (with a growing outstanding balance and past due payments), Plaintiff sent Experian a one-paragraph dispute letter. Experian then contacted Nationstar, who verified that its reporting was accurate. After receiving his dispute results, Plaintiff filed this lawsuit.

In discovery, Plaintiff produced no credit denials or other documents related to his damages. Instead, he calculated approximately $3,384 of time spent due to the "approximately 400 hours over the last two years attempting to correct Experian's inaccurate reporting by disputing the inaccuracy, scanning and sending documents to attorneys, answering questions, and fielding queries and demands from co Defendant Nationstar all due to Experian's inaccurate reporting." Dkt. 158-3 at 6 (Response to Experian's Interrogatory No. 4). At deposition, Plaintiff was asked directly how he distinguished between Nationstar

and Experian in terms of time spent and harm caused, and he explained that he would "lump it altogether" and that he "[did not] know how to separate it out." Dkt. 158-2 at 92. Prior to summary judgment, Plaintiff settled with Nationstar. The settlement paid Plaintiff $90,000.00 for release of all claims and did not provide any breakdown of what claim or harm the payment was for. *See* Doc. 191-1. After this case was remanded, Experian moved to compel production of the Nationstar Agreement, which was granted. Dkt. 167.

## ARGUMENT

### I. THE ONE SATISFACTION RULE APPLIES TO NEGLIGENCE CLAIMS UNDER THE FAIR CREDIT REPORTING ACT.

It is a fundamental principle of statutory construction that "Congress is understood to legislate against a background of common-law adjudicatory principles." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108, (1991). Thus, "when a statute covers an issue previously governed by the common law, we interpret the statute with the presumption that Congress intended to retain the substance of the common law." *Samantar v. Yousuf*, 560 U.S. 305, 320, n.13 (2010); *see also Pitch v. United States*, 953 F.3d 1226, 1254 (11th Cir. 2020), (J. Pryor dissenting) ("[W]e read rules 'against the entire background of existing customs, practices, rights, and obligations" already existing in common law and not expressly displaced by statute.'") (citations omitted). In short, absent a clear indication that Congress intended to overrule a common law principle, courts

3

must assume it applies when construing a federal statute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, (1991) ("[W]e do not lightly assume that Congress has intended to depart from established principles") (citation omitted).

The One Satisfaction Rule is "root[ed] in elementary principles of tort law." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1276 (11th Cir. 2008); *see also Kassman v. Am. Univ.*, 546 F.2d 1029, 1033 (D.C. Cir. 1976) ("'(a) cardinal principle of law is that in the absence of punitive damages a plaintiff can recover no more than the loss actually suffered.') (citation omitted)); RESTATEMENT (SECOND) OF TORTS § 885(3) (1979); *Roper v. Fla. Pub. Utilities Co.*, 131 Fla. 709, 713, (1938) ("[T]his court [has] approved the well-settled rule that a release or discharge of one or more joint tort-feasors, executed in satisfaction of the tort, is a discharge of all, on the ground that the party injured can have but one satisfaction for his injury."). Given its common law background, courts have repeatedly held that it applies to tort claims based on federal statute, even where the statute is silent on the issue. *See, e.g, BUC Int'l Corp.*, 517 F.3d 1271 (holding that the One Satisfaction Rule applied to claims under the Copyright Act); *Ratner v. Sioux Natural Gas Corp.*, 719 F.2d 801, 803–04 (5th Cir. 1983) (Noting that both state cases and federal securities cases recognize the "one satisfaction" rule, but applying state law); *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("We therefore hold that federal law should determine whether a defendant in a federal securities

4

action is entitled to a credit against judgment for the settlement by another party to the dispute [ . . . ] We think it must be the one satisfaction rule, which provides that a plaintiff is entitled to only one satisfaction for each injury."); *Creel v. Dr. Says, LLC*, No. 4:18-CV-00615, 2022 WL 987815, at *3 (E.D. Tex. Mar. 31, 2022) ("The Second, Eighth, and Ninth Circuits have applied the one-satisfaction rule to RICO damages without reference to state law settlement credit statutes, focusing instead on the purpose behind the one-satisfaction rule."); *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1337 (8th Cir. 1991), *aff'd sub nom. Reves v. Ernst & Young*, 507 U.S. 170 (1993) (""Under federal law, where a settlement payment and the jury's award pertain[ ] inseparably to one and the same loss, the verdict must be credited with the payment on settlement."); *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015) (applying the one satisfaction rule in RICO claims, notwithstanding its treble damages provision, and explaining that "[t]he one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors."); *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 110 (3d Cir. 1981) ("We therefore hold that in federal civil rights cases, where one or more defendants have settled with a plaintiff, the damages recoverable by that plaintiff shall be reduced by the amount of the settlement received.").

5

There is no indication in the FCRA that Congress intended to overrule the One Satisfaction Rule when Congress allowed for recovery of negligent violations of the Act and the FCRA's "close relationship to the common-law tort of defamation" was recognized by the Eleventh Circuit previously in this case. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021). To the extent Congress modified the One Satisfaction Rule to allow for double recoveries or over compensation, it did so by allowing consumers to recover punitive damages for willful violations under § 1681n. But that does not indicate an intent to wholly erase the one satisfaction rule in cases like this one where claims of a willful violation have been dismissed. *See Kassman*, 546 F.2d at 1033 (one satisfaction rule applies in the absence of punitive damages).

In the prior briefing on this issue, Plaintiff has noted that other courts have held that the one satisfaction rule did not apply to claims under the FCRA. But these decisions are either unpersuasive, or procedurally and factually distinct.

*First*, some cases start with the flawed premise that the One Satisfaction Rule may not apply to the FCRA because there is no express indication that Congress intended for it to apply. *See Hoerchler v. Equifax Info. Servs., LLC*, No. 20 CV 3310, 2021 WL 4902452, at *4 (N.D. Ill. Oct. 21, 2021) (analyzing cases); *Vasquez-Estrada v. Collecto, Inc.*, No. 3:14-CV-01422-ST, 2015 WL 6163971, at *2 (D. Or. Oct. 20, 2015) ("[T]here is no express or implied right to an offset of amounts that plaintiff may

6

have received in settlement from other FCRA defendants."). These cases reason that, without a clear statement that Congress intended to retain the common law One-Satisfaction Rule when it enacted the FCRA, it must not apply. *See id*. But, as the Supreme Court has repeatedly held, this is the exact opposite way to construe a statue that is enacted against a common-law backdrop like the FCRA. *See Samantar*, 560 U.S. at 320 ("The canon of construction that statutes should be interpreted consistently with the common law helps us interpret a statute that clearly covers a field formerly governed by the common law."). It is legal error to look for Congressional intent to preserve the common law One Satisfaction Rule as these cases do. The proper inquiry is whether there is any indication to eliminate that rule – and there is no such evidence in the history of the FCRA.

*Second*, many of these cases confuse the One Satisfaction Rule with a claim for contribution. *See, e.g.*, *Vasquez-Estrada v. Collecto, Inc.*, No. 3:14-CV-01422-ST, 2015 WL 6163971, at \*2 (citing cases on the right of contribution to hold that there is not right to offset amounts received from other parties in other litigation); *Hoerchler v. Equifax Info. Servs.*, LLC, No. 20 CV 3310, 2021 WL 4902452, at \*4 (N.D. Ill. Oct. 21, 2021)(referring to the one satisfaction rule as "an equitable offset"). But the Eleventh Circuit explained why this confusion is mistaken in *BUC Int'l Corp*. A right to contribution is a right of one tortfeasor against another, whereas the one satisfaction rule operates only against a plaintiff to prevent overcompensation.

"Although similar, the theories do not always overlap." *BUC Int'l Corp.*, 517 F. 3d at 1271. It is also a mistake to view the one satisfaction rule as grounded in equity. Rather, its roots are in common law tort principles. *Id.*

*Third*, these cases often deal with facts where there is ample evidence that the consumer has suffered distinct and separate injuries, so that, even at common law, the One Satisfaction Rule would not apply. For instance, *Sloane v. Equifax Info. Servs., LLC*, et al. 510 F.3d 495 (4th Cir. 2007), addressed a case where the plaintiff only sought to recover damages for distinct interactions with the consumer reporting agencies, stemming from different reports with "different inaccuracies, and each agency either corrected or exacerbated these mistakes independently of the others" leading the Court to conclude the plaintiff had suffered "discrete injuries." 510 F.3d at 501. Unsurprisingly, the Fourth Circuit held "we cannot find, as a matter of law, that Suzanne has suffered from a 'single, indivisible harm" that has already been redressed by other parties.'" *Id.*

*Finally*, *Hoerchler*, and similar cases, deal with motions brought early in the proceedings, where there is no evidence one way or the other as to whether the plaintiff has suffered a single injury or multiple. *See generally* Dkt. 162 (Experian's Reply in support of its Motion to Compel, distinguishing cases at different procedural stages).

As Experian explained in its earlier Motion to Compel the Nationstar settlement, there are precisely two cases that Experian is aware of that are procedurally and factually aligned with this one where, following the close of discovery, the plaintiff had testified that his injuries were not distinct or divisible. In each case, the court held that the one-satisfaction rule applied, and the defendant should be allowed to present evidence regarding settlement with others who caused the injury. *See Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2018 WL 11271518, at *2 (N.D. Ala. Mar. 30, 2018) ("[T]he one satisfaction rule permits discovery of agreements before trial because of their relevance to trial strategy. Whether Experian informs the jury about the settlements Plaintiff made with PRA and Equifax is a key strategic decision to be made before and during trial."); *Williams v. LVNV Funding, LLC*, No. 4:15-CV-2219-KOB, 2017 WL 1331014, at *1 (N.D. Ala. Apr. 11, 2017) (same). These decisions were well-reasoned and grounded in similar facts and law. As it did previously, this Court should follow *Younger* and *Williams*.

II. **APPLICATION OF THE ONE-SATISFACTION RULE TO EXPERIAN'S AFFIRMATIVE DEFENSES.**

Like the One Satisfaction Rule, Comparative Fault and Failure to Mitigate are defenses that are also rooted in common law. Comparative Fault is the more modern approach to contributory negligence, which had traditionally held that any negligence by the plaintiff was a complete bar to recover. *See, e.g., Hoffman v.*

9

*Jones*, 280 So. 2d 431, 436 (Fla. 1973); Restatement (Third) of Torts: Apportionment Liab. Intro. (2000). Likewise, it has long been the rule that a plaintiff in tort has a duty to mitigate his damages and cannot recover for avoidable consequences. *See*, *e.g.* Restatement (Second) of Torts § 918 (1979).

Each rule operates independently to reduce the amount the jury can award Plaintiff. In the comparative fault analysis, the jury is tasked with assigning shares of responsibility based on the evidence presented. *See* Restatement (Third) of Torts: Apportionment Liab. § 8 (2000); Florida Model Jury Instructions at 483 (Model Jury Form for Negligence with Apportionment of Fault) (https://www.floridasupremecourt.org/content/download/243071/file/entire-Document.pdf). Under the duty to mitigate analysis, the jury is also tasked to find the amount of damages that Plaintiff could have mitigated or avoided and then reduce the recoverable harm by that amount. *See F.D.I.C. v. Skow*, 741 F.3d 1342, 1348 (11th Cir. 2013), *certified question answered sub nom. Fed. Deposit Ins. Corp. v. Skow*, 295 Ga. 747, 763 S.E.2d 879 (2014) (upholding denial of motion to strike affirmative defense of duty to mitigate); Eleventh Circuit Model Jury Instruction 4.1 (proving language on mitigation in employment discrimination cases). To give a hypothetical example, from the total amount of damages Plaintiff might have suffered after considering the amount he could have avoided, the $90,000 Nationstar Settlement should be subtracted. From any remainder, Plaintiff should

be awarded an amount from Experian that reflects Experian's share of liability, which the jury has previously determined. To illustrate how this calculation should proceed, Experian provides the following example:[1]

|   | Category | Amount |
|---|---|---|
| 1 | Plaintiff's Actual Damages | $125,000 |
| 2 | Amount of Damages Plaintiff Could Have Avoided (Duty to Mitigate) | $10,000 |
| 3 | Amount of Nationstar Settlement (One Satisfaction Rule) | $90,000 |
| 4 | (Subtotal subtracting lines 2 and 3 from line 1) | $25,000 |
| 5 | Experian's Share of Responsibility (Comparative Fault) | 33% |
|   |   |   |
| 6 | Amount Awarded Against Experian (33% of line 4) | $8,250 |

As explained above, the One Satisfaction Rule, Comparative Fault Defense, and Duty to Mitigate are principles well-grounded in the common law that applies to tort claims like Plaintiff's remaining negligence claim. There is no indication that Congress intended to fundamentally alter the principles that apply to a negligence claim when brought under the FCRA. Absent some clear intention, a jury award calculation like the one presented above captures the common law principles and would let the jury properly apply them to this case.

---

[1] Experian notes that these amounts are hypothetical and demonstrative and do not reflect the amount Experian expects Plaintiff to prove, and do not constitute an admission by Experian.

## III.   THE IMPACT OF PLAINTIFF'S CLAIMS FOR ACTUAL AND STATUTORY DAMAGES.

The One Satisfaction Rule is not an offset or claim for contribution and considers only the harm suffered and "operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *BUC Int'l Corp*, 517 F.3d at 1277 (citation omitted); *Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2018 WL 11271518, at *2 (N.D. Ala. Mar. 30, 2018) ("[T]he relevant inquiry for the one satisfaction rule is not whether the conduct is distinct but whether the injury is distinct").  Thus, the mere fact that Plaintiff alleged other claims against Nationstar does not bear directly on the application of the One-Satisfaction Rule. What would impact application of the Rule, is evidence of separate and distinct injuries – but Plaintiff produced no such evidence in discovery, testified to the contrary, and, absent some extraordinary justification could not produce such evidence now.  *See* Fed. R. Civ. P. 37(c).

The fact that Plaintiff had claims against Nationstar where statutory damages were recoverable does not change the outcome. Primarily, this is because Plaintiff's settlement with Nationstar does not distinguish between Plaintiff's claims or potential remedies.  *See* Dkt. 191-1.  Rather, the settlement paid Plaintiff a flat $90,000.00.  There is no evidence that would allow the jury to parse the award, and it is far too late for Plaintiff to produce it.  In any event, statutory damages under the FCRA are only available for willful violations, and given the

12

complicated facts at the core of Plaintiff's claims, it is dubious that he could have recovered these at all. And, under both the FCRA and FDCPA, statutory damages are intended for those cases where the plaintiff's actual damages are less than $1,000 and not as a means for double recovery or overcompensation. *See* 15 U.S.C. § 1681n(a); 15 U.S.C. § 1692k(a). Plaintiff has long contended his actual damages greatly exceed this amount and has never claimed that he sought to recovery the limited statutory damages provided by law. Finally, even if the statutory damages provisions of the FCRA or FDCPA applied, they would only serve to reduce the amount by a few thousand dollars.

Experian does not oppose Plaintiff being properly compensated for any harm he suffered and is legally recoverable. But Congress did not enact the FCRA to provide Plaintiff with a windfall. Traditional principles like the One Satisfaction Rule, Comparative Fault, and the Duty to Mitigate operate to ensure that Plaintiff's recovery reflects the amount he is legally entitled to, and that it is paid by those who caused the harm according to their portion of blame. That is the measure that should determine the Court's application of these rules at trial in this case.

## CONCLUSION

For the foregoing reasons, the One-Satisfaction Rule can apply to negligence claims under the Fair Credit Reporting Act, and it specifically applies to the facts of this case.

Dated: May 25, 2022              /s/ *Christopher A. Hall*
                                 Maria H. Ruiz, Esq.
                                 FBN 182923
                                 **Kasowitz Benson Torres LLP**
                                 1441 Brickell Avenue, Suite 1420
                                 Miami, FL. 33131
                                 Tel: (786) 587-1044
                                 Fax: (305) 675-2601
                                 mruiz@kasowitz.com

                                 Adam W. Wiers
                                 Christopher A. Hall
                                 *Pro Hac Vice*
                                 JONES DAY
                                 110 North Wacker Drive
                                 Suite 4800
                                 Chicago, Illinois 60606
                                 Telephone:   +1.312.782.3939
                                 Facsimile:   +1.312.782.8585
                                 chall@jonesday.com

                                 *Counsel for Defendant Experian Information Solutions, Inc.*