## Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Duty to Follow Instructions – Corporate Party**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Responsibility for Proof – Affirmative Defenses – Preponderance of the Evidence**

In this case, the Defendant asserts the affirmative defenses of Comparative Fault and Failure to Mitigate. Even if the Plaintiff proves his claims by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**FCRA Introduction**

Plaintiff's claims all arise under the Fair Credit Reporting Act, also known as the FCRA. The FCRA is a federal law that pertains to consumer reports and the information contained within consumers' files.

**FCRA Purpose / Congressional Intent**

One purpose of the FCRA is to require that consumer reporting agencies adopt and follow reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of the law.

## FCRA Definitions

For the purposes of this case, Plaintiff, Mr. Losch, is a consumer entitled to the protections and benefits of the Fair Credit Reporting Act, and Defendant, Experian, is a "consumer reporting agency," also known as a CRA.

Additionally, the term "consumer report," means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes.

Also, usually, a "furnisher" is an entity that furnishes information relating to consumers to consumer reporting agencies for inclusion in a consumer report. For our purposes, Nationstar is a furnisher.

## Overview of Party Positions

Plaintiff, Mr. Losch, claims that Defendant, negligently violated one or more of the following requirements of the Fair Credit Reporting Act:

(1) The Fair Credit Reporting Act requires that whenever a consumer reporting agency, like Experian, prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

(2) The Fair Credit Reporting Act requires that if a consumer disputes the completeness or accuracy of any item of information contained in their file and notifies the consumer reporting agency directly of such dispute, the consumer reporting agency shall reinvestigate, free of charge, and record the current status of the disputed information, or delete the item from the file within 30 days from the date the agency receives notice of the dispute from the consumer.

(3) The Fair Credit Reporting Act requires that if after any reinvestigation information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete the information from the consumer's file or modify the information, as appropriate, based on the results of the reinvestigation.

Experian denies those claims and contends that it did not violate any provisions of the Fair Credit Reporting Act, its conduct was not the cause of any damages alleged by Mr. Losch, any damages sustained by Mr. Losch were, at least in

part, caused by the actions of Nationstar and other third parties, and Mr. Losch

failed to avoid or reduce his damages.

## Negligence

Because Mr. Losch claims that Experian negligently violated the Act, I will define the term negligence for you.

As used in these instructions, negligence is failing to do something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do, under like circumstances.

You are to decide what a reasonably prudent person would do, or not do, under the circumstances.

**1681e(b) Text and Elements**

The first provision of the Fair Credit Reporting Act that Mr. Losch claims Experian negligently violated is 15 U.S.C. § 1681e(b).

Under section 1681e(b), whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Mr. Losch claims that Experian negligently failed to follow such procedures.

For our purposes, Experian's reporting was inaccurate because there is no dispute that the Nationstar debt was discharged. However, the law does not require Experian to be error-free in performing its obligations under the Fair Credit Reporting Act. Put differently, the presence of inaccurate information does not, by itself, establish that Experian failed to follow reasonable procedures. Thus, to succeed on his claim under 1681e(b), Mr. Losch must prove each of the following elements by a preponderance of the evidence in the time period after Experian received Mr. Losch's June 15, 2018 dispute letter:

First:  that the inaccurate information in Mr. Losch's consumer report was communicated to a third party;

Second:  that Experian negligently failed to follow reasonable procedures in preparing and distributing the inaccurate consumer report;

Third:  that Mr. Losch sustained actual damages; and

14

<u>Fourth</u>:  that Mr. Losch sustained actual damages as a result of Experian's negligent failure to follow reasonable procedures in preparing and distributing the inaccurate consumer report.

### 1681i Text and Elements

The second provision of the Fair Credit Reporting Act that Mr. Losch claims Experian negligently violated is 15 U.S.C. § 1681i.

Under section 1681i, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file, before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute.  Among the steps consumer reporting agencies must take after receiving notice of a consumer dispute is that the consumer reporting agencies must notify the furnisher of the disputed information and provide them with all relevant information regarding the dispute. Additionally, if, after any reinvestigation information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file, or modify that item of information, as appropriate, based on the results of the reinvestigation.

Mr. Losch claims that Experian negligently failed to comply with these requirements.

As I previously stated, for our purposes, "Experian's reporting was inaccurate because there is no dispute that the Nationstar debt was discharged."  However, the law does not require Experian to be error-free in performing its obligations under the

16

Fair Credit Reporting Act. Thus, to succeed on his claims under 1681i, Mr. Losch must prove each of the following elements by a preponderance of the evidence:

First: that Experian violated the Fair Credit Reporting act by either: (1) failing to conduct a reasonable reinvestigation of the challenged information in Mr. Losch's consumer file after it received Mr. Losch's June 15, 2018 dispute letter; or (2) failing to correct or delete the disputed information from Mr. Losch's consumer file after determining that the information was incomplete or inaccurate;

Second: that Experian's violation or violations of the Act resulted from Experian's negligence;

Third: that Mr. Losch sustained actual damages; and

Fourth: that Mr. Losch sustained actual damages as a result of Experian's negligent violation or violations of this section of the Act.

**Causation**

In order to recover damages, Mr. Losch must establish by a preponderance of the evidence that the actual damages he sustained were a result of Experian's negligent violation of the Fair Credit Reporting Act. Specifically, Mr. Losch must show that the conduct of Experian, which Mr. Losch claims violated the Act, was a substantial factor in causing the actual damages complained of by Mr. Losch, and that the injury was either a direct result or a natural and probable consequence of Experian's conduct.

## Actual Damages

Now, I am going to talk to you about damages in the case.  If you find that

Mr. Losch has proven that Experian negligently violated the Fair Credit Reporting

Act, you must then determine the actual damages, if any, to which Mr. Losch is

entitled.  However, you should not infer that Mr. Losch is entitled to recover any

damages merely because I am instructing you on the elements of damages.  My

instructions on damages do not reflect in any way whether I believe that Mr. Losch

should or should not win this case.  It is exclusively your function to determine

liability and I am instructing you on damages only so that you will have guidance in

the event that you decide Mr. Losch is entitled to recover.

If you find that Experian violated the Fair Credit Reporting Act after it

received Mr. Losch's June 15, 2018 dispute letter, and that Mr. Losch suffered

damages as a result, then your duty is to determine the amount of money which

reasonably and fairly compensates Mr. Losch for the actual damage that you decide

was caused by Experian's failure to comply with the Act.

Any damages you decide to award to Mr. Losch may only compensate him

for the actual damage he sustained from Experian's conduct after it received Mr.

Losch's June 15, 2018 dispute letter.

The elements of damages that you may consider are:  financial loss, credit

denial, loss of opportunity, damage to reputation, mental distress, embarrassment,

humiliation, anxiety, and depression.  You must decide which, if any, of those

elements of damages Mr. Losch has proven, based upon the evidence and not upon

speculation, guess, or conjecture.  There is no requirement that a plaintiff must

provide medical testimony to recover damages for emotional distress.  The amount

of money to be awarded for certain of these items of damages, such as mental

distress, cannot be proven in a precise dollar amount.  The law leaves the

determination of such amount to your sound judgment.

## Comparative Fault

Experian claims that other third parties were also negligent and that their negligence was a legal cause of Mr. Losch's damages. This is a defensive claim, which requires Experian to prove these two facts by a preponderance of the evidence.

First, you must find that any third party was also negligent. Second, you must find that the negligence was a legal cause of Mr. Losch's damages.

In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues. Specifically, you will be asked to find what percentage of damage was caused by each person. If you find in Experian's favor on this defense, by finding that other third parties were also negligent, that won't prevent Mr. Losch from recovering. But it will reduce Mr. Losch's recovery amount by the degree of the other parties' negligence. If you find that anyone other than Experian was also negligent and that negligence contributed to Plaintiff's damages, you must reduce your award by a corresponding amount.

That's a decision entrusted to you and it's up to you to determine the percentage, if any, of either Nationstar's or any other third party's negligence.

**Failure to Mitigate**

Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that Experian has proved by a preponderance of the evidence that Mr. Losch did not seek out or take advantage of a reasonable opportunity to reduce or minimize his loss or damage under all the circumstances, you should reduce the amount of Mr. Losch's damages by the amount that Experian has proved Mr. Losch could have reasonably received if he had taken advantage of such an opportunity.

**Use of Second Amended Complaint**

The jury is instructed that Plaintiff's Second Amended Complaint, which is in evidence as Defendant's Exhibit 100, is a pleading.  The Court merely accepted as proven that the Second Amended Complaint was filed in this lawsuit.  In doing so, the Court did not take judicial notice that any facts alleged in the Second Amended Complaint have been proven.

You must decide the facts based on the testimony and other evidence admitted during trial and you should not infer that my instructions on judicial notice reflect in any way whether I believe that Mr. Losch should or should not win this case.

### Duty to Deliberate when only Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson; Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.