UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HENRY LOSCH,

    Plaintiff,

v.                                             Case No.: 2:18-cv-809-MRM

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____/

## VERDICT FORM

    We the jury, being duly impaneled and sworn to try the above-entitled case, do unanimously find as follows:

**15 U.S.C. § 1681e(b):**

1. Did Mr. Losch prove by a preponderance of the evidence that Experian sent or distributed Mr. Losch's inaccurate consumer report to a third party after Experian received Mr. Losch's dispute letter?

   Yes __✓__          No _____

   If Yes, proceed to Question 2.

   If No, your verdict is for Experian on Mr. Losch's claim under § 1681e(b) of the FCRA. Skip to Question 4.

2. Did Mr. Losch prove by a preponderance of the evidence that Experian negligently violated the Fair Credit Reporting Act after it received Mr. Losch's dispute letter by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Losch, whenever Experian prepared a consumer report?

   Yes _____          No __✓__

   If Yes, proceed to Question 3.

   If No, your verdict is for Experian on Mr. Losch's claim under § 1681e(b) of the FCRA.  Skip to Question 4.

3. Did Mr. Losch prove by a preponderance of the evidence that he suffered actual damages after Experian received his dispute letter as a result of Experian's negligent failure to follow reasonable procedures?

   Yes _____     No _____

   If Yes, proceed to Question 4.

   If No, your verdict is for Experian on Mr. Losch's claim under § 1681e(b) of the FCRA.  Proceed to Question 4.

**15 U.S.C. § 1681i:**

4. Did Mr. Losch prove by a preponderance of the evidence that Experian negligently violated the Fair Credit Reporting Act by failing to conduct a reasonable reinvestigation after it received Mr. Losch's dispute letter?

   Yes _____     No __✓__

   Proceed to Question 5.

5. Did Mr. Losch prove by a preponderance of the evidence that Experian negligently violated the Fair Credit Reporting Act by failing to modify or delete the inaccurate information in Mr. Losch's consumer file after Experian discovered that the information in the file was inaccurate?

   Yes _____     No __✓__

   If Yes to either Question 4 or Question 5, proceed to Question 6.

   If No to both Question 4 and Question 5, your verdict is for Experian on Mr. Losch's claim under § 1681i of the FCRA.  If you answered Yes to Question 3, skip to Question 7.  If you did not answer Yes to Question 3, the presiding juror should sign and date the bottom of the Verdict Form and inform the Court's representative that the jury has finished deliberations.

2

6.     Did Mr. Losch prove by a preponderance of the evidence that he suffered actual damages as a result of Experian's negligent conduct in failing to comply with § 1681i of the Fair Credit Reporting Act?

    Yes _____        No _____

    If Yes, proceed to Question 7.

    If No, your verdict is for Experian on Mr. Losch's claim under § 1681i of the FCRA. If you answered Yes to Question 3, proceed to Question 7. If you did not answer Yes to Question 3, the presiding juror should sign and date the bottom of the Verdict Form and inform the Court's representative that the jury has finished deliberations.

**Affirmative Defenses:**

7.     Did Experian prove by a preponderance of the evidence that Mr. Losch failed to mitigate his damages after Experian received Mr. Losch's dispute letter?

    Yes _____        No _____

    If Yes, proceed to Question 8.

    If No, skip to Question 9.

8.     In what amount should Mr. Losch's total actual damages be reduced to account for Mr. Losch's failure to mitigate damages?

    $_____

    Proceed to Question 9.

9.     Did Experian prove by a preponderance of the evidence that either Nationstar Mortgage, LLC or any other third party was also negligent in the manner Experian claimed, and that either Nationstar's or any other third party's negligence was a legal cause of the actual damages sustained by Mr. Losch after Experian received Mr. Losch's dispute letter?

    Yes _____        No _____

    If Yes, proceed to Question 10.

    If No, skip to Question 11.

10. What percentage of Plaintiff's total actual damages, sustained after Experian received Mr. Losch's dispute letter, do you find that Experian proved by a preponderance of the evidence to have been legally caused by the negligence of others?

Answer in terms of percentages:

a. Experian: _____%
b. Nationstar: _____%
c. Other Third Parties: _____%

Note: The total of the percentages in your answer must equal 100%.

Proceed to Question 11.

**Plaintiff's Actual Damages:**

11. What amount of money do you find that Mr. Losch proved by a preponderance of the evidence will compensate Mr. Losch for the actual damages he sustained after Experian received his dispute letter? The below amounts should give Plaintiff's total actual damages without applying any reduction due to one of the Affirmative Defenses listed above.

a. Economic Loss:      $_____
b. Emotional Distress: $_____
c. Lost Time:          $_____

d. Total:              $_____

The presiding juror should sign and date the bottom of the Verdict Form and inform the Court's representative that the jury has finished deliberations.

Executed this 1st day of July 2022.



Foreperson