IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| HENRY LOSCH<br>a/k/a John Losch,<br><br>    Plaintiff,<br>  v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:18-cv-00809<br><br>Hon. Mac R. McCoy |

**DEFENDANT EXPERIAN INFORMATION SOLUTION, INC.'S
MEMORANDUM IN SUPPORT OF BILL OF COSTS**

Experian Information Solutions, Inc. ("Experian") respectfully submits this Memorandum in support of the Bill of Costs filed contemporaneously herewith pursuant to Fed. R. Civ. Pro 54 and Local Rule 7.01. As set forth in the Bill of Costs, and as further supported by the documents attached thereto, Experian seeks recovery of costs associated with (1) the service of a subpoena; (2) depositions and transcripts necessarily obtained for use in the case; (3) printing/ copying fees; and (4) witness fees. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.

**I. Background**

Experian notes that it previously submitted a Bill of Costs after being granted summary judgment (Doc. 131), which was partially granted in the amount of $3,921.00 for deposition transcripts, witness fees, service of subpoena, and court

costs (Doc. 143). Plaintiff never paid these costs to Experian. Plaintiff then appealed the ruling on summary judgment (Doc. 129) and the Eleventh Circuit partially granted and partially denied Plaintiff's appeal, and remanded the matter for trial, noting that each side would bear its own costs (Doc. 145). Experian then prevailed at trial and judgment was entered on behalf of Experian on July 8, 2022 (Doc. 254). Experian now submits its Bill of Costs as the ultimate prevailing party.

**II. Legal Authority**

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive costs other than attorneys' fees, Fed.R.Civ.P. 54(d)(1), and "[t]he presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir.1991)). "These costs are limited by the six categories listed in 28 U.S.C. § 1920." *Johnston v. Borders*, 36 F.4th 1254 (11th Cir. 2022); *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (affirming the award of costs as to witness fees, deposition costs, photocopying costs, and costs of service).

**A. Service of Subpoena**

Experian asks for $65.00 for service of the subpoena to former co-defendant, Nationstar (*see* Doc. 131-2). The Eleventh Circuit has held service by a private process server to be compensable, provided that their rates do not exceed the cost of

having the U.S. Marshals Service effectuate service. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). Thus, "private process server fees may be taxed" so long as they do not exceed the statutory fee authorized under Section 1921 (i.e., the fee for service of process cannot exceed that charged by the U.S. Marshal). *Id*. See also 28 C.F.R. § 0.114(a)(3)(fee of $65.00). Thus, Experian had originally requested $90.00 for service of its subpoena (see Doc. 131). However, Experian has appropriately decreased that request to $65.00.

### B. Depositions and Transcripts

Experian seeks deposition costs in the amount of $3,615.00 and transcript costs in the amount of $2,879.20 for a total cost of $6,494.20.

### i) *Deposition*

Experian is seeking $3,615.00 for its deposition costs for A. Simmons, H. Losch, and A. Blunt. The total cost that Experian is seeking for these depositions is in line with the what the Court previously decided Experian was entitled to. Experian initially requested $3,957.50 (Doc. 131), and the Court deducted $342.50 (Doc. 143). Thus, Experian seeks $3,957.50 minus $342.50, which equals $3,615.00.

Costs for depositions are authorized by § 1920(2), and "[t]he question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 620-21.

3

Here, each deposition was necessary. First, A. Blunt's deposition (*see* Doc. 131-5) was read into evidence. *Id*. at 621 ("It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained."). Second, H. Losch's deposition (*see* Doc. 131-3) and A. Simmons' deposition (*see* Doc. 131-4) were used by both parties in their summary judgment briefing. *Id*. ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions."). Both were also listed as witnesses for trial. *Id*. ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses.").

Thus, in line with the Court's previous Order, Experian should be allowed to tax deposition costs in the amount of $3,615.00.

### *Transcripts*

Experian next seeks $2,879.20 for trial transcript costs (see Exhibit 1). The Eleventh Circuit has stated that the costs of a daily trial transcript are awarded in the court's discretion if the court deems the daily transcript was necessary for trying the case. *See Maris Distrib. Co. v. Anheuser–Busch, Inc*., 302 F.3d 1207, 1225 (11th Cir. 2002) (affirming award of costs for expedited daily transcript where party argued, in addition to length and case complexity, that such transcripts were

4

necessary to the preparation of a defense, including witness examination, jury instructions, and closing arguments, and preserving oral rulings made by the Court), cert. denied, 537 U.S. 1190, 123 S.Ct. 1260, 154 L.Ed.2d 1023 (2003); *Sensormatic Elec. Corp. v. Tag Co. US*, 2009 WL 3208649, *4 (S.D. Fla. Oct. 2, 2009), report and recommendation, awarded trial transcript costs as "used the transcript for preparing for direct and cross-examination[.]" Here, Experian used the trial transcript throughout the trial in preparation for cross-examination, direct examination, mid-trial motions, including motions in limine, motion for a directed verdict, motion to dismiss based on standing, and for closing argument. The trial transcript was elemental in each of those briefings and events. Experian seeks the cost of those transcripts per the attached and newly submitted invoice in the amount of $2,879.20.

### C. Printing/ Copying

Experian seeks $8,750.00 for printing/ copying costs (*see* Exhibit 2). Section 1920(4) provides for the taxation of copying costs and section 1920(3) provides for the taxation of "[f]ees and disbursements for printing." 28 U.S.C. § 1920(3) & (4). "Copying costs for discovery, pleadings, correspondence, documents provided to opposing counsel, exhibits, and documents provided to the court are recoverable under § 1920(4)." *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), overruled on other grounds, 213 F.3d 600 (11th Cir.

2000). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue" while also noting that "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *Id*.

Here, Experian is seeking $7,330 for five copies of its 100 trial exhibits, and $1,420 for five copies of Experian and Plaintiff's joint exhibits. (The invoice is attached.) These copies were necessary for use at trial because they included a copy for the (1) Court; (2) plaintiff's counsel (which Plaintiff requested); and (3) copies for use with witnesses (while there were four witness at trial, Experian only made three copies for use with witnesses). Experian chose not to create copies for the jury *specifically* to decrease printing and copying costs. Notably, Experian is *not* seeking costs associated with its own trial copies, such as briefing binders and trial binders made for counsel convenience, which Experian recognizes is not recoverable.

### D. Witness Fees

Finally, Experian seeks $66.00 for witness fees, which this Court previously granted (Doc. 143). *See* Doc. 131-2 (receipt for witness fee). Witness fees are recoverable. *See* § 1920(3).

|  |  |
|---|---|
| Dated: July 19, 2022 | /s/ *Christopher A. Hall*<br>Maria H. Ruiz, Esq.<br>FBN 182923<br>**Kasowitz Benson Torres LLP**<br>1441 Brickell Avenue, Suite 1420<br>Miami, FL. 33131<br>Tel: (786) 587-1044<br>Fax: (305) 675-2601<br>mruiz@kasowitz.com<br><br>Christopher A. Hall<br>*Pro Hac Vice*<br>**JONES DAY**<br>77 West Wacker<br>Suite 3500<br>Chicago, IL 60601.1692<br>Telephone:  +1.312.782.3939<br>Facsimile:   +1.312.782.8585<br>chall@jonesday.com<br><br>*Counsel for Defendant Experian Information Solutions, Inc.* |